IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK BERRYMAN,** | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-5243 |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | CRIMINAL ACTION |
| | : | |
| | : | 04-0425 |

**MEMORANDUM OPINION**

Tucker, J.                                                                                                        July __, 2012

      Presently before this Court is Petitioner Frank Berryman's ("Berryman") Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to U.S.C. § 2255 (Doc. 149), and the Government's Memorandum in Opposition (Doc. 157). Petitioner claims: 1) ineffective assistance of trial counsel, and 2) ineffective assistance of post-trial and appellate counsel. Petitioner also requests an evidentiary hearing.

      This Court will deny Petitioner's Habeas Corpus Motion because Petitioner's ineffective assistance of counsel argument does not satisfy the standard of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Additionally, this court will deny Petitioner's request for an evidentiary hearing as his claims lack merit. <u>Government of the Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1988), <u>cert. denied</u>, 500 U.S. 954 (1991).

**BACKGROUND**

      On July 23, 2004, a federal grand jury in the Eastern District of Pennsylvania indicted Berryman on the following three counts: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (2) possession of a stolen firearm in violation of 18 U.S.C. § 922(j); and (3) possession of cocaine base ("crack") in violation of 21 U.S.C. § 844(a).

On December 21, 2004, the grand jury returned a superseding indictment which included the following eight counts: (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); (2) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); (3) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (4) two counts of possession of a stolen firearm in violation of 18 U.S.C. § 922(j); (5) possession of cocaine base ("crack") in violation of 21 U.S.C. § 844(a); and (6) two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

After a six-day trial, a jury verdict was returned on November 7, 2006. The jury found Berryman guilty on all charges, with the exception of the possession of drug charge, which was not pursued by the Government at trial, and was dismissed at sentencing. The Court denied Berryman's motions for acquittal or a new trial.

On March 24, 2008, the Court sentenced Berryman to 294 months of imprisonment, 5 years of supervised release, restitution totaling $15,986.40, and a $700 special assessment fee. Berryman filed a timely appeal. The Third Circuit affirmed both the conviction and sentence. United States v. Berryman, 322 Fed. Appx. 216 (3d Cir. Apr. 17, 2009). On October 23, 2009, the Supreme Court denied certiorari. Berryman v. United States, 130 S. Ct. 262 (U.S. 2009).

Presently before this Court is Berryman's timely Habeas Corpus Motion under 28 U.S.C. § 2255, filed on October 6, 2010.

## DISCUSSION

This Court will deny Petitioner's Habeas Corpus Motion. Petitioner has failed to prove ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court will also deny Petitioner's request for an evidentiary hearing, as Petitioner's allegations are meritless and fail to necessitate such a proceeding. United States v. Dawson, 857 F.2d

927, 927-28 (3d Cir. 1988). The Court sets forth below solely the facts that are relevant to Petitioner's claims.

### A. Effective Trial Counsel

Mr. Berryman alleges that he received ineffective assistance of trial counsel from Thomas Ivory, Esq., his trial attorney, due to the following: (1) failure to investigate likely participants in the robbery in which Mr. Berryman was allegedly involved; (2) alleged failure to investigate a particular witness; (3) failure to seek suppression of Mr. Berryman's statements; (4) failure to investigate Mr. Berryman's alibi; (5) failure to present favorable witnesses; (6) failure to preserve claim of improperly restricted cross-examination; (7) failure to present Mr. Berryman's testimony; (8) failure to object to improper argument by the prosecutor; and (9) failure to preserve a claim contesting the sufficiency of evidence. However, the Government maintains, and this Court agrees, that Mr. Berryman has failed to satisfy the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), making it appropriate for the Court to dismiss Berryman's motion without a hearing, and deny a certificate of appealability. The Court discusses each allegation in turn below.

In Strickland, the Supreme Court of the United States held that, in order for a defendant to prove ineffective assistance of counsel, he must satisfy a two-part test. Id. at 687. First, the defendant must show that his counsel's performance was deficient such that the attorney was not functioning as is required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defense and as a result, the defendant must have been deprived of a fair trial. Id. Petitioner fails the first prong of the Strickland test concerning each of his allegations, making it unnecessary for the Court to discuss prong two of the test.

First, Petitioner Berryman submits that his trial counsel failed to investigate certain potential perpetrators, whose identification at trial would have exonerated Berryman. This argument is based

3

on the fact that the Government failed to identify all suspects involved in the robbery of which Berryman was convicted. The Government's attempts to locate the suspects at issue were provided to defense counsel during the discovery phase.

Berryman submits no rationale to suggest that his counsel could have succeeded in locating and identifying the perpetrators when the Government was unable to do so. The information provided by the Government concerning these suspects, as admitted to by Berryman, was inadmissible and unverifiable. Thus, there is no reason to believe, as the Government accurately contends, that defense counsel had means or resources above and beyond what the Government had in investigating these individuals.

Furthermore, even if defense counsel had been able to investigate the suspects in greater depth than the Government, there was nothing to suggest that the information that such suspects would have provided, if any at all, would have exonerated Petitioner Berryman. For instance, Berryman claims that his counsel should have brought to light the fact that one of defense counsel's witnesses, Carl Brooks, bought a gun in Berryman's presence. However, Berryman fails to note that defense counsel presented Brooks' testimony during the suppression hearing and at trial to the jury. Brooks, through his attorney, failed to cooperate with the Government. Thus, contrary to Berryman's account, his counsel worked to secure helpful testimony from Brooks. There is no reason to believe that Brooks would or could have provided additional information that would have further assisted Petitioner Berryman.

Second, Petitioner Berryman's alleges that his trial counsel failed to adequately investigate Government witness Christopher Plytas, Berryman's cellmate. The crux of Berryman's argument is that Plytas should have been excluded as a witness because he acted as a de facto government agent in engaging Berryman in conversations during which Berryman admitted the robbery of which he was convicted.

This Court denied Berryman's post-verdict motion to exclude Plytas' testimony on its merit, finding Berryman's claims speculative. The Third Circuit found this claim to be waived on direct appeal. Berryman, 322 Fed. Appx. at 221-22. This Court now rejects this reasserted claim by Petitioner, as there is adequate evidence on the record to do so.

A pretrial detainee's right to counsel is violated where the government proactively creates a situation where a prisoner is likely to incriminate himself, and deliberately uses an informant to elicit information from the prisoner. See United States v. Henry, 447 U.S. 264, 274 (1980); Massiah v. United States, 377 U.S. 201, 206 (1964). However, where a prisoner incriminates himself by happenstance, without deliberate government involvement, the government has not violated the prisoner's right to counsel. Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986). Moreover, even if an inmate has been a government agent in the past, he is not deemed a government agent when the same inmate subsequently volunteers information without direction from the government. See United States v. Brink, 39 F.3d 419, 423 (3d Cir. 1994) (citations omitted).

Here, Petitioner Berryman requested to be cellmates with Plytas, and voluntarily initiated conversations about his criminal activity, specifically his role in the robbery at issue. Despite the fact that Plytas previously signed a cooperation agreement with the Government concerning an unrelated investigation, the record shows no evidence that Plytas was a Government informant concerning Berryman.

Third, Petitioner avers that trial counsel failed to suppress Petitioner's own statements to Detective Monek and Special Agent Shelton. Prior to trial, defense counsel did move to suppress these statements, however, this Court and the Third Circuit rejected the claims set forth by the defense. Berryman, 322 Fed. Appx. 223-24. Petitioner Berryman also avers that he would have provided testimony that he was misled by Detective Monek and Special Agent Shelton, who both advised

Petitioner that he was not as suspect and did not need a lawyer. In effect, if defense counsel had allowed Berryman to testify in this manner, Petitioner's testimony and credibility would have been in direct opposition to the accounts and credibility of Detective Monek and Special Agent Shelton. Assuming, *arguendo*, that defense counsel was aware of Berryman's willingness and ability to provide such testimony, defense counsel's choice not to pursue such a strategy was rightfully within their professional judgment, and would not have constituted ineffective counsel.

Fourth, Petitioner Berryman submits that his trial counsel failed to investigate witness Brianna Powell, who recanted her statements that supported Berryman's alibi. Petitioner avers that Powell, had she been questioned, would have recanted her recanted statements concerning his alibi. However, Petitioner gives no supporting information or evidence to give weight to his assertion. The Government accurately notes that to date, Powell has failed to come to Berryman's defense. Even if defense counsel could have persuaded or questioned Powell in such a way that would have led to her recanting and supporting Berryman's alibi, such evidence would not have likely proved helpful to Berryman's case.

Fifth, Petitioner avers that his trial counsel failed to present favorable evidence and witnesses. Specifically, Petitioner avers that against his wishes, his trial counsel failed to use and present cellular phone and tracking data to prove that he could not have committed the robbery in question. Petitioner submits no information to show that such evidence was indeed available to defense counsel. Additionally, Petitioner contends that his trial counsel should have submitted testimony from his parole agent to show that Petitioner's appearance at the time of the robbery was inconsistent with the description provided by the robbery victim. To the contrary, defense counsel adequately covered this angle of Petitioner's defense through arresting officers, photographs, and the testimony of witness Kaira Rook to support the theory that Berryman's appearance at the time of the robbery failed to meet the description given by the victim. Thus, there is no evidence that trial counsel's performance was

deficient in these areas.

Sixth, Petitioner argues that his trial counsel failed to preserve a claim of improperly restricted cross-examination of witness Plytas. The record does not support this allegation, as defense counsel rigorously questioned Plytas at trial, with several restrictions imposed by the Court where defense counsel's questioning was found repetitive or harassing to the witness.

The Sixth Amendment sets forth the Confrontation Clause, which guarantees a defendant's right to confront and be confronted by those witnesses used against him, through cross-examination. U.S. Const. amend. VI; Davis v. Alaska, 415 U.S. 308, 315-16 (1974) (citations omitted). However, the Confrontation Clause does not guarantee the right for defense counsel to cross-examine an adverse witness in any manner that the defense wishes. Delaware v. Fensterer, 474 U.S. 15, 20 (1985). Accordingly, district courts enjoy wide latitude in limiting the scope of cross-examination. United States v. Mussare, 405 F.3d 161, 169 (3d Cir. 2005) (citations omitted).

The Court, in its sole discretion, may set the limits of scope of cross-examination. United States v. Kellogg, 510 F.3d 188, 191 (3d Cir. 2007). Such discretion by the court may only be deemed an abuse where the court's action was "arbitrary, fanciful or clearly unreasonable." Stitch v. United States, 730 F.2d 115, 118 (3d Cir. 1984). When evaluated under this standard, the Court's actions were appropriate concerning defense counsel's cross examination of Plytas. The Court only limited cross-examination of Plytas where defense counsel's questions were harassing or repetitive, specifically concerning Plytas' admitted crimes. Defense counsel was permitted to attack Plytas' credibility, establish bias, and submit to the jury his incentives to provide the Government with information against Berryman. These limitations on the scope of defense counsel's cross-examination were warranted, and thus defense counsel made no error in failing to preserve a claim of improperly restricted cross-examination, as such a claim made by either trial or appellate counsel would have been meritless.

Seventh, Petitioner contends that his trial counsel erroneously failed to present Berryman's testimony, in direct opposition to Berryman's wishes.

The Government correctly notes that "Berryman's impulse to testify came over him not after the defense had rested in the initial stage of the trial, nor during or following the Court's instructions in the initial phase of the trial, nor during the jury's deliberations and the verdicts in the first phase of the trial, but only after closings and the Court's instructions in the second, felon in possession phase of the trial." (Resp. Mem. Opp., p. 22). See United States v. Lore, 26 F. Supp.2d 729, 737, 732 (D.N.J. 1998) ("[w]hile a criminal defendant often has good reasons not to testify during trial, after conviction, the impulse to claim that his attorney 'would not let him' becomes compelling."). This timing of Berryman's change of heart concerning testifying on his own behalf shows that Berryman's second thoughts were reactionary, and directly related to the convictions handed down by the jury verdict. There is no evidence submitted by Petitioner to support improper persuasion by defense counsel.

A defendant may waive his right to testify on his own behalf. United States v. Pennycoke, 65 F.3d 9, 10 (3d Cir. 1995). However, a court may infer a defendant's waiver of his right to testify "from the defendant's conduct...[and] from defendant's failure to testify or notify the court of his desire to do so." United States v. Joelson, 7 F.3d 174, 177 (9th Cir. 1993). Here, Berryman makes no statement that he failed to discuss his right to testify with defense counsel, and made no statement concerning his desire to do so until after he was found guilty on certain counts. Accordingly, the Court finds that trial counsel's actions were not deficient under the Strickland standard, as advising Petitioner not to testify is a permissible tactical strategy that may be employed with the defendant's agreement, where such agreement is presumed present unless otherwise proven. See Pennycoke 65 F.3d at 11-12.

Eighth, Petitioner Berryman submits that his trial counsel failed to object to the prosecutor's improper statements concerning the defense's identification expert witness, Dr. Solomon Fulero. The

8

prosecutor appropriately argued at closing that Dr. Fulero's expert testimony would prove relatively unhelpful to the jury. (Tr., November 6, 2006, 25). Cf. United States v. Velasquez, 64 F.3d 844, 849 (3d Cir. 1995) (stating that expert opinions, where qualified are relevant and helpful to the trier of fact). There is no evidence to suggest that defense counsel erred in failing to object to the Government's allowable characterization of Dr. Fulero in its closing argument.

Lastly, Petitioner Berryman avers that his trial counsel failed to make a Rule 29 motion during trial to contest the sufficiency of evidence, which resulted in a deprivation of his right to request the Third Circuit's review of this issue. Petitioner's claim is meritless, as discussed below.

Berryman's trial counsel submitted a Rule 29 motion post-trial for judgment of acquittal on based on lack of sufficient evidence. The Government responded, and this Court denied the Rule 29 motion on its merits.

Berryman's appellate counsel also attacked the sufficiency of the evidence, attempting to justify acquittal despite the jury's verdict by asking the Third Circuit to accumulate the numerous other defense claims of error. The Government responded, did not assert that trial counsel had waived this argument, and asked the Third Circuit to follow this Court and find that the evidence at trial sufficiently supported the verdict.

The Third Circuit did not state that the sufficiency claim was waived at trial by defense counsel, however, the court rejected on the merits appellate counsel's argument that the accumulation of errors warranted acquittal. Berryman, 322 Fed.Appx. at 225. Moreover, the Third Circuit stated that if Petitioner Berryman pursued a freestanding insufficiency claim, the court would "view the evidence in the light most favorable to the Government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt. United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (quoting United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir.

1996)) (internal quotation marks omitted). We then would reject the claim." Id. at 225 n. 5.  Thus, Berryman received the appellate review and counsel that he incorrectly claimed to have been deprived of by trial counsel failing to move under Rule 29 during trial.

Based on the above analyses, the Court finds that Petitioner Berryman's claims that his trial counsel was ineffective fail to demonstrate the deficient performance required under the Strickland test.

### B.  Effective Post-Trial and Appellate Counsel

Additionally, Petitioner Berryman maintains, without any supporting statements, that he received ineffective assistance of his post-trial and appellate counsel due to the following: (1) failure to argue issue related to Petitioner's house arrest; (2) failure to argue insufficiency of evidence; (3) failure to argue on appeal the application of career offender classification; and (4) argument of issues on appeal that were foreclosed by Supreme Court and Third Circuit case law while failing to brief and argue more meritorious issues.  The Court will discuss items (1), (3) and (4) below, as argument (2) concerning post-trial and appellate counsel's failure to argue insufficiency of evidence is discussed above.

<u>Effective Argument Contesting the House Arrest Evidence</u>

Berryman contends that appellate counsel was ineffective in changing its position on the issue of the admissibility of his house arrest. Trial counsel attempted to persuade this Court to exclude the evidence under Fed. R. Evid. 403 as unfairly prejudicial. Appellate counsel chose another strategy, and argued the issue of admissibility under Fed. R. Evid. 404(b), at first in her supplemental post-trial motions. Counsel permissibly used her professional judgment concerning her strategy to arguing this issue, and such conduct fails to rise to a level of constitutionally ineffective representation. Furthermore, the Third Circuit's opinion establishes that this shift in strategy from trial counsel to appellate counsel strategy did not prejudice Berryman. In denying the Rule 404(b) argument, this Court

determined the following: "To be sure this evidence is prejudicial. But that prejudice is outweighed by its probative value." <u>Berryman</u>, 322 Fed.Appx. at 220. The Third Circuit agreed that the evidence could not be excluded under Rule 403. As such, the evidence on the record supports a conclusion contrary to Petitioner's assertion, since even if appellate counsel had attempted to exclude evidence of Petitioner's house arrest under Rule 403, as did trial counsel, the attempt would have been unsuccessful.

<u>Effective Counsel Concerning Classification Related to Sentencing Guidelines</u>

In addition, Petitioner Berryman claims that appellate counsel should have challenged his classification as a career offender under U.S.S.G. § 4B1.1. It is undisputed that Berryman, had two felony convictions for controlled substance offenses. His classification was, therefore, incontestible by appellate counsel, and it was correct for appellate counsel not to challenge this classification. At sentencing, a motion was made for a downward departure, which this Court denied, but took into account in its decision to grant a steep downward variance from 360 months to life imprisonment to 210 months imprisonment.

Moreover, appellate counsel provided excellent and more than competent counsel **to Petitioner** Berryman in uncovering the inadequacy of the count records upon which the Government relied. This led the Government to concede that there existed insufficient evidence to impose three criminal history points on Berryman. The result caused no impact to the final guideline range, as Berryman was still deemed an armed career criminal. However, the aforementioned example establishes that Petitioner enjoyed effective appellate counsel concerning his sentencing guidelines and criminal classification, contrary to his allegations.

<u>Effective Choice of Appellate Issues</u>

Lastly, Petitioner Berryman submits that appellate counsel failed to raise "more [meritorious] issues." Petitioner's brief is silent concerning what issues might have been more appropriately raised.

Petitioner was entitled to effective representation, which he obtained from his skilled appellate counsel. There is no evidence that there were other theories or issues available to appellate counsel that would have led to a successful outcome for Petitioner Berryman. Moreover, Petitioner had no right to success on the merits, only the right to the effective counsel that he received.

Accordingly, the Court finds that Petitioner fails to submit any evidence or statements that support his allegations of ineffective appellate counsel under the first prong of the Strickland test.

### C.    No Certificate of Appealability

The Court will deny the issuance of a certificate of appealability in this matter, as Petitioner Berryman fails to meet the requirements.[1] Where a Section 2255 motion is denied by the district court, the petitioner may appeal to the Court of Appeals only if he obtains a certificate of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Local Rule 22.2 provides that a determination concerning the issuance of a certificate of appealability should be made by the district court denying a petition under 28 U.S.C. § 2255.

Here, Petitioner Berryman has failed to make a substantial showing of a denial of any constitutional right. To present a "substantial showing of a denial of any constitutional right," in order to justify an appeal, Petitioner must submit more than mere allegations of a constitutional wrong, such as deprivation of the right to effective counsel. The petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). For the reasons discussed herein, Berryman has failed to make such a showing. Accordingly, this Court declines the issuance of a certificate of appealability.

---

[1] The Court notes that Petitioner Berryman failed to apply for a certificate of appealability in his *pro se* Petition for Habeas Corpus Motion pursuant 28 U.S.C. § 2255, however, the Court will determine this issue here in the interest of judicial economy.

**CONCLUSION**

For the foregoing reasons, this Court will deny Petitioner Frank Berryman's Habeas Corpus Motion without an evidentiary hearing, and denies the issuance of a certificate of appealability. An appropriate order follows.